IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NOS. 8:03CR188** |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM AND ORDER** |
| **JOEL ADAME,** | ) | |
| Defendant. | ) | |

This matter is before the court on the Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" ("§ 2255 motion") (Filing No. 161). The Court has also considered the supporting brief (Filing No. 162). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

### FACTUAL BACKGROUND

Adame pleaded guilty to count III of the Indictment charging him with possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Adame was sentenced to 87 months imprisonment and 5 years supervised release. He did not file a direct appeal.

## DISCUSSION

Adame argues that he was not properly advised of sentencing "enhancements" due to his prior convictions pursuant to 21 U.S.C. § 851. A review of this case shows that enhancement was not sought pursuant to § 851. Adame was subject to a statutory penalty between 5 and 40 years, and his sentencing guideline range was 87-108 months based on a total offense level of 27 and placement in Criminal History Category III. He received a sentence at the lowest end of the guideline range. Adame apparently confuses § 851 enhancements with criminal history points used to calculate his criminal history category.

## CONCLUSION

For the reasons discussed, it appears plainly from the face of the § 2255 motion and the record that Adame is not entitled to relief with respect to his claim. The claim is denied.

IT IS ORDERED:

1.   The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 motion) (Filing No. 161);

2.   Upon initial review, the Court summarily denies the Defendant's § 2255 motion (Filing No. 161); and

3.   A separate Judgment will be issued denying the § 2255 motion.

DATED this 8th day of June, 2005.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge