IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:03CR188 |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| JOEL ADAME, | ) ) | |
| Defendant. | ) ) | |

This matter is before the court on remand from the United States Court of Appeals for the Eighth Circuit (Filing No. 174).[1]

## PROCEDURAL BACKGROUND

The Defendant pleaded guilty to Count III of the Indictment charging him with possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. The plea agreement stated that the Defendant waived his right to file a motion pursuant to 28 U.S.C. § 2255, with the following exceptions: 1) any issue involving a matter of law brought to the Court's attention at sentencing and which the Court agrees is deserving of further review; and 2) issues involving ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for the claim(s) were not known to the Defendant when he entered his plea. (Filing No. 96.) Adame was sentenced to 87 months imprisonment and 5 years supervised release. He did not file a direct appeal.[2]

The Defendant filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" ("§ 2255 motion") (Filing No. 161) and

---

[1]The mandate was filed on July 5, 2005. (Filing No. 175.)

[2]The right to appeal, except under a narrow exception, was waived in the plea agreement. (Filing No. 96.)

a supporting brief (Filing No. 162). The Court denied Adame's § 2255 motion on initial review and issued a final judgment. (Filing Nos. 163, 164.) Adame then filed a notice of appeal (Filing No. 170), and the Court allowed Adame to proceed on appeal in forma pauperis (Filing No. 172) pursuant to Federal Rule of Appellate Procedure 24(a)(3).[3]

The Eighth Circuit Court of Appeals remanded this case under *Tiedeman v. Benson,* 122 F.3d 518 (8th Cir. 1997), with directions that, if granted, the certificate of appealability specify the issue(s) to be considered on appeal.

The Court recognizes that, upon the filing of Adame's notice of appeal and the in forma pauperis memorandum filed by the Clerk of this Court, it should have considered this matter as a request for a certificate of appealability. The Court has now engaged in this analysis as set forth below.

## DISCUSSION

Before a criminal defendant may appeal the denial of his § 2255 motion, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability

---

[3]Fed. R. App. P. 24(a)(3) states:

(a) Leave to Proceed in Forma Pauperis....

(3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court-- before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. In that event, the district court must state in writing its reasons for the certification or finding.

may issue only if an applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> ....
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a constitutional right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further."'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

Turning to the instant case, Adame argues that he was not properly advised of sentencing "enhancements" due to his prior convictions pursuant to 21 U.S.C. § 851. A review of this case shows that enhancement was not sought pursuant to § 851. Adame was subject to a statutory penalty between 5 and 40 years, and his sentencing guideline range was 87-108 months based on a total offense level of 27 and placement in Criminal History Category III. He received a sentence at the lowest end of the guideline range. Adame apparently confuses § 851 enhancements with criminal history points used to calculate his criminal history category.

## CONCLUSION

The Court concludes that Adame has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c) and, therefore, a certificate of appealability may not be issued.

IT IS ORDERED:

1. The Court has completed a review of this matter pursuant to the Order of the Eighth Circuit Court of Appeals (Filing Nos. 174, 175);

2. A certificate of appealability is denied;

3. The defendant may proceed in forma pauperis on appeal, with the only issue being this Court's denial of a certificate of appealability; and

4. The Clerk of Court shall provide a copy of this Order to the Eighth Circuit Court of Appeals.

DATED this 7th day of September, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge